UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**VERNON ROBINSON,**

    **Plaintiff,**

vs.                          **CASE NO. 4:21-CV-00284-MW-MAF**

**MARK INCH, SECRETARY
FLORIDA DEP'T OF CORR.,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon the filing of Plaintiff's amended complaint, ECF No. 5, responding to the Court's order to amend, ECF No. 4. Plaintiff did not pay the $402 filing fee and did not file a proper motion to proceed *in forma pauperis* (IFP) despite the Court's directive to do so. ECF No. 4. Plaintiff's amended complaint is completely blank. ECF No. 5. For the reasons stated below, the case should be dismissed.

I. **Relevant Litigation History.**

On July 9, 2021, Plaintiff initiated this case with a legally insufficient complaint, ECF No. 1, and an affidavit of facts, ECF No. 2 (in total over 140 pages). Plaintiff did not pay the filling fee and did not file an IFP motion. Accordingly, the Court issued an order to Plaintiff directing him to pay the

filing fee or, alternatively, file an IFP motion for consideration. ECF No. 4. The Court also identified the deficiencies in Plaintiff's complaint and directed him to file an amended complaint in accordance with the Rules governing these proceedings. Id. The Clerk provided Plaintiff with the proper forms. Id. In response, Plaintiff filed a blank, amended complaint (only the first page completed), ECF No. 5; an incomplete IFP motion containing only the cover page and instructions, ECF No. 6; and a motion to appoint counsel, ECF No. 7.

## II. Plaintiff's Complaint Fails to Comport with the Local Rules and with the Court's Orders.

Plaintiff's initial complaint sought to raise claims pursuant to 42 U.S.C. § 1983. ECF No. 1. The complaint was unsigned. Id., p. 43. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627

F. App'x 816, 818 (11th Cir. 2015). The initial complaint was only vaguely pled and without numbered paragraphs as required by Rule 10(b). Pursuant to N.D. Fla. Loc. R. 5.1, the complaint must be double spaced with at least a 14-point font. The initial complaint here is single spaced and is presented with a much smaller type font. See ECF No. 1, pp. 5-9. The complaint exceeds the 25-page limitation and is accompanied by an "affidavit" containing approximately 100 pages of exhibits. The Local Rules provide that a complaint, "together with any memorandum, must not exceed 25 pages, unless the Court authorizes it." N.D. Fla. Loc. R. 5.7(B).

In the initial complaint, Plaintiff generally alleged that certain defendants failed to provide him with a proper diabetic diet when he was a prisoner in violation of the Eighth Amendment. ECF No. 1, pp. 5. Plaintiff also claimed that other defendants failed to submit monthly security evaluations, which affected his gain time. Id., p. 6-7. Plaintiff seeks monetary damages in various amounts against each defendant. Id., p. 44.

The Court has also reviewed the amended complaint. Despite the Court's prior order, Plaintiff's amended complaint fails to comply with the Rules. The amended complaint is completely blank, presents no claims, lists no defendants (see pp. 2-3), contains no litigation history, and is unsigned. ECF No. 5. The Court previously advised Plaintiff that he must submit his

complaint on the proper form. Local Rule 5.7(A) provides that *pro se* civil rights complaints ordinarily will not be considered by the Court unless the appropriate form has been properly completed and filed by the litigant. The use of a prescribed form was adopted to promote efficiency and judicial economy while at the same time safeguarding litigants' rights. Plaintiff refused to complete the form promulgated by the United States District Court for the Northern District of Florida. The Court cannot proceed with an amended complaint which contains nothing to consider.

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178

F.3d 1373, 1374 (11th Cir. 1999). This Court cannot proceed with a complaint that fails to comport with the Rules.

Plaintiff failed to amend the complaint as directed. In addition, Plaintiff did not pay the $402 filing fee and did not file a completed IFP motion as directed. The Clerk provided Plaintiff with the proper forms. The Court warned Plaintiff that failure to comply with court orders would result in a recommendation to dismiss the action. ECF No. 5. Dismissal is appropriate. Aside from failure to comply with Court orders, the complaints should be dismissed for the reasons stated below.

### III. Shotgun Pleadings are Not Permissible.

Plaintiff's initial complaint is legally insufficient as a shotgun pleading; and the amended complaint is blank. "A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Plaintiff brings forward claims against several defendants but provide no set of facts for any acts or omissions attributable to them. Furthermore, Plaintiff cannot simply "plead the bare elements of [a] cause of action" but

must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701-708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard" under Rule 8, including civil rights complaints) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). Plaintiff must allege the facts which support the claim raised against each defendant. Finally, legal conclusions are insufficient.

IV. **Misjoinder**

The Court advised Plaintiff that his complaint may be dismissed for misjoinder. ECF No. 4. Fed. R. Civ. P. 20(a)(2) states that multiple defendants may be joined in the same action only if, first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Second, there must be a "question of law or fact common to all defendants" in the action. Both prongs of the test must be met in order for joinder to be appropriate.

Upon review of the initial complaint, it was not readily apparent how the various claims arise from the same transaction. For example, Plaintiff vaguely claimed that certain prison officials failed to provide him with a diabetic diet during 2019 and that other prison officials failed to submit the monthly reports that affected his earned gain time. These claims and

defendants, other than the fact that they occurred at the same institution, are unrelated. Plaintiff was released from prison on April 28, 2021. It is unknown whether Plaintiff is otherwise in state custody pursuant to period of supervised release.

## V.  Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1 and as an impermissible shotgun pleading and misjoinder. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("while dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is also recommended that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida, on August 18, 2021.

s/ Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).